REID, Judge.
Benton E. Bickham filed a possessory action on October 13, 1965, asking that his right to possession of certain immovable property in Headright 60, T 1 S R 10 E, Washington Parish, Louisiana, more particularly described as follows to-wit:
“Bound North by lands owned in indi-visión by Doris Bickham Galloway, Mildred Bickham Maitre, Antionette Bick-ham Griffin, Martha Bickham Etzel, and J. E. Pierce; East by the Tylertown-Franklinton Highway; South by the lands of Alex Magee and Dr. T. C. W. Magee, or his successors in title; and West by the Bogue Chitto River.”
be recognized. Answer was filed by defendant, Johnnie. O. Bankston, denying the right of petitioner to be recognized as the possessor of the property in question, and further asserting that the defendant is the owner and possessor of a certain parcel of property in Washington Parish, Louisiana, described as follows:
“37 acres, more or less, lying in Section 59, Township 1 South, Range 10 East, Washington Parish, State of Louisiana, described as follows: Commence at old corner in draw or bayou on the West bank of present Bogue Chitto River, being corner common to James Tate, thence North 68 degrees East, crossing New River and sand bar to old corner stake on left bank of Old River, a distance of 11.80 chains, thence along left bank of Old River as described in deed from Shelby Burch to 10" pine on East or left bank of Old River bed; thence North 50 degrees West crossing River to West bank a distance of 4.00 chains, thence Southerly along West bank of present River to Point of Beginning.”
Both parties pleaded ten and thirty year acquisitive prescription and both alleged various acts of possession.
The matter was duly tried on the merits and submitted to the Court. Subsequently plaintiff Benton E. Bickham died and his widow Mrs. Carrie Holmes Bickham was qualified as administratrix of his succession and a motion and an order was obtained and signed on October 21, 1966 substituting Mrs. Carrie Holmes Bickham, administra-trix of the succession of Benton E. Bick-ham Sr. as party plaintiff herein.
Judgment was rendered on December 7, 1966, dismissing the plaintiff’s demand at *90 his costs and decreeing that the defendant Johnnie O. Bankston to be the owner of the 37 acres of land hereinabove described.
From this judgment the plaintiff has appealed specifying as error the following:
“(1) The Trial Judge erred in not finding that Benton E. Bickham Sr., was the possessor of the disputed land.
(2) The Trial Judge erred in concluding that defendant Johnnie O. Bankston proved a title good against the world insofar as the disputed land is concerned.
(3) The Trial Judge erred in concluding that defendant has a better title to the disputed land than does the plaintiff.
(4) The Trial Judge erred in concluding that defendant has title to any property lying east of the Bogue Chitto River.
(5) The Trial Judge erred in accepting the survey of O. C. Hollister as correct in Establishing the Boundaries between the parties litigant.
(6) The Trial Judge erred in not finding that Benton E. Bickham Sr. was the title owner of the disputed land.
(7) The Trial Judge erred in not finding that any questions insofar as the title of Bickham is concerned were cured by acquisitive prescription.”
Defendant, Johnnie O. Bankston, relies upon his chain of title in asserting his ownership of the disputed property. It is obvious from the examination of the record that the various deeds in the defendant’s chain of title purport to convey the land by boundaries and in such deed other than the deed from Shelby R. Burch to Marion Ray and Troy Bankston the eastern boundary of the property is the Bogue Chitto River. The plaintiff seizes upon this situation and avers that as a result the property conveyed in the defendant’s chain of title are conveyed by sales per aversionem. Plaintiff cites Administrators of Tulane Education Fund v. Stair, 148 La. 11, 86 So. 595 to the effect that in determining a disputed boundary, natural and artificial monuments such as rivers, lakes, roads, streets, etc. will control courses and distances, while courses and distances will control over quantity calls. As stated, this is essentially the recognized law in Louisiana with regard to sales per aversionem.
Defendant, Johnnie O. Bankston, in his answer denied the possession of the plaintiff and further answering set up title to some 37 acres of land in Section 59 T 1 S R 10 E, hereinabove described in this opinion and alleged his complete chain of title. By so doing the defendant became the plaintiff in a petitory action and it was incumbent upon him to prove title good against the world at least a better title than that of the plaintiff to the 37 acres which are in dispute.
Essentially the issues in this case boil down to three points: (1) Has the defendant Bankston, in his petitory action set up title good against the world or better than that of the plaintiff, and (2) does he have title by virtue of the possession of ten and thirty years which would give him a prescriptive title, and (3) does the plaintiff Bickham have title to the land in dispute
We will take up the question of his proof of title better than that of the plaintiff Bickham first. Beginning with the deed from George T. Bankston to N. E. Smith dated July 10, 1920 up to the deed from Shelby R. Burch to Marian Ray Bank-ston and Troy G. Bankston dated August 1960 recorded in COB 165, page 101, all the description in the Bankston chain of title describe the Bankston lands as bounded on the East by the Bogue Chitto River. Subsequent to that date in August, 1960 the description in the Bankston chain of title described the land as extending over and *91 across the new river to a point on the old river. This description includes the land in dispute contained in a chain of title which only began in August of 1960. These subsequent deeds cannot form the basis of a prescriptive title of ten years. Since the prior titles of Bankston all describe the boundary as being bounded on the East by the Bogue Chitto River, it becomes necessary to ascertain what they meant by this boundary.
According to the testimony of the Bank-ston witnesses the Bogue Chitto River was supposed to have changed its course suddenly two times, once in about 1900 and once in 1915.
The first deed subsequent to the last change in the Bogue Chitto River in 1915 is the deed from George T. Bankston to N. E. Smith dated July 10, 1920 and recorded in COB 34, page 605 of the records of Washington Parish. This deed gives the description of the property as being bounded on the East by Bogue Chitto River. At that time unquestionably the Bogue Chitto River was standing in its present location. Therefore, the chain of title of Bankston recognizes up until 1960 the Ehstern boundary line of the same as being the Bogue Chitto River, which is in its present location.
There is no question but that the 37 acres in dispute lies between the old bed of the Bogue Chitto River and the present bed of the Bogue Chitto River. Since the Bank-ston deeds prior to 1960 described the land as being bounded on the East by Bogue Chitto River they were bound to have recognized the present bed of the river as being the eastern boundary.
The logical conclusion of this is that Bankston has failed to carry his burden of proving title good against the world or title better than that to which Bickham has to the disputed property.
This brings us to the question of prescription of ten and thirty years. Since the first deed describing the Bankston property as extending over to the old river bed and across the new river bed is not ten years old, the prescription of ten years acquisitive title would not apply.
With reference to the prescription of thirty years we feel that Bankston has failed to prove the type of possession which entitles himself to avail himself of this prescription. Defendant Bankston has failed to establish the presence of suitable boundary between the lands he claims East of the present river and other property of the Bickhams. He has likewise failed to prove uninterrupted possession open and notorious to the land in dispute. The Court is inclined to believe that both parties used the land in dispute indiscriminately up until the time of the gravel lease, from Bankston to Big Rock Sand and Gravel Company on September 15, 1965. Several of defendant’s witnesses and all plaintiff’s witnesses testified that the Bogue Chitto River moved gradually from the old river bed to its present one. We, therefore, find that the defendant Bankston’s claim to the property by thirty years possession must be rejected because of lack of proof.
Plaintiff after the answer filed by defendant setting up his title and converting it into petitory action filed a supplemental and amended petition by which he set up his claim of ownership to the property with his chain of title set out therein.
The first allegation sets up that he had acquired the ownership of the property by accretion or alluvion formed successively and imperceptibly to the soil as a result of the slow and gradual movement of the Bogue Chitto River in a Westward direction. He then sets forth his chain of title going back to a deed from Mrs. Elizabeth W. Bickham to L. C. Rogers dated November 4, 1897 recorded in COB 2, folio 66 of the records of Washington Parish, Louisiana.
The Bickhams claim title to the land in dispute which is described as follows by a *92 survey of Phillip G. Holland, a registered land surveyor dated October 9,1965:
“67.76 acres of land in the Isham Chisholm Headright Sixty (60) Township One (1) South, Range Ten (10) East, Washington Parish, Louisiana, described as follows, to-wit: Commence at the Northeast corner of the Isham Chisholm Headright 60 and run North 54 degrees 30 minutes West 905.52 feet; thence North 69 degrees 30 minutes West, 704.-22 feet; thence South 15 degrees West 1194.60 feet; thence South 23 degrees West 198 feet; thence South 23 degrees East 396 feet; thence South 23 degrees west 132'feet to the point of beginning. From said point of beginning continue south 23 degrees West 132 feet; thence South 41 degrees West 534.60 feet to corner; thence North 80 degrees West 4911.1 feet to Bogue Chitto River; said Point being designated as “Point A”; thence return to the Point of Beginning, and run North 80 degrees West 5065.70 feet to Bogue Chitto River; thence down Bogue Chitto River to Point A, established above, in accordance with plat of survey by Phillip G. Holland, Registered Land Surveyor dated October 9, 1965, a copy of which is attached hereto and made a part hereof, as if set out in toto.”
The record discloses that Mr. Holland in his efforts to arrive at the original location of Bogue Chitto River went back to Cabell’s field notes made in 1841. According to his testimony the main high water mark is a point where vegetation ceases to grow because of water. He indicates that the main high water mark on the North end of the Bickham property would be a point where he placed a Ifá" iron pipe on the North line. There was no vegetation past that point due to the sand. This point was approximately 600 feet east of the river. He then on the South line of the Bickham property testified that it was 1500 feet approximately from the main high water mark to the river. He testified that the land East of the main high water mark was a loamy soil and that West of the high water mark was a sandy soil. This is interpreted as meaning that the river gradually and imperceptibly moved into a westerly direction, building up and depositing sand on its east or left bank as it moved in a westerly direction.
Mr. Hollister, the defendant’s surveyor testified that he did not know where the river was fifty or a hundred years ago. He further testified that he did not go by the old Government survey in his effort to locate the bed of the river.
The Bickham chain of title going back to the Act of Partition between C. Julius Bickham1 and Benton E. Bickham dated June 29, 1942 describes the Bickham property as extending to the Bogue Chitto River.
The survey by Holland likewise shows the location of the property and from the testimony of Mr. Holland and others, the land West of the description was acquired by Bickham by accretion resulting from a gradual changing of the river in a westerly course. All the subsequent deeds in the Bickham chain of title cite that the land goes to the Bogue Chitto River on the West.
For these reasons we find that our Learned Brother below has made manifest error in this case and that the judgment herein will have to be reversed.
It is therefore ordered that the judgment of the Lower Court be reversed and judgment rendered herein in favor of Mrs. Carrie Holmes Bickham administratrix of the succession of Benton E. Bickham and against Johnnie O. Bankston rejecting Bankston’s claim to the land in dispute and recognizing the plaintiff as the owner of the 67.76 acres of land hereinabove described which covers the land in dispute. All costs herein to be borne by the defendant.
Reversed and rendered.